IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO CURRY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0087-P |
| | § | |
| TEXACO, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Alonzo Curry, a Texas prisoner, against three oil companies and the estate of his deceased brother. On January 28, 2009, plaintiff tendered an eight-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff to obtain additional information regarding the basis for federal subject matter jurisdiction. Plaintiff answered the interrogatories on February 19, 2009. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Although his pleadings are difficult to decipher, it appears that plaintiff inherited certain mineral rights in property located in Anderson County, Texas, when his father passed away in or around 1980. (*See* Plf. Compl. at 4 & Exh. A). In 1983, plaintiff, who was incarcerated at the time, authorized his brother, Claude B. Curry, Jr., to manage his portion of the estate. (*See* Plf. Compl. at 4; Mag. J. Interrog. #2). When Claude failed to remit to plaintiff royalty payments from an oil and gas lease on the property, plaintiff instructed the lessee, Texaco, Inc. ("Texaco"), to make such payments directly to him. (*See* Plf. Compl. at 4). Plaintiff also demanded an accounting of all payments made under the lease. (*Id.*). Texaco allegedly failed to comply with these demands. (*See id.*). At some point, the oil and gas lease was transferred from Texaco to Chevron, Inc. ("Chevron"), and then to XTO Energy, Inc. ("XTO"). (*See id.* at 4-5). Like Texaco, Chevron and XTO ignored plaintiff's requests for information and an accounting of royalty payments. (*See id.* at 5; Mag. J. Interrog. #2). Plaintiff now sues Texaco, Chevron, XTO and the estate of his brother Claude, who died in 2008, for civil rights violations under 42 U.S.C. § 1983, and for fraud, misappropriation of funds, and breach of fiduciary duty under Texas common law. (*See* Plf. Compl. at 5-6; Mag. J. Interrog. #1). By this suit, plaintiff seeks more than $2.3 million in damages and injunctive relief. (*See* Plf. Compl. at 7).

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the

jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

A.

Plaintiff has failed to allege a cognizable claim arising under federal law. When asked to explain the basis for federal subject matter jurisdiction, plaintiff responded that jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, which authorize federal courts to decide cases involving "federal questions." (*See* Mag. J. Interrog. #1). However, in order to maintain a civil rights action under 42 U.S.C. § 1983, plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). All the defendants in this case are either private corporations or private citizens. None are "state actors."

B.

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff was a citizen of Texas prior to his incarceration. *See Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006), *citing Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991) (prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration). Plaintiff's brother, Claude, also was a citizen of Texas at the time of his death. (*See* Plf. Compl. at 3). By statute, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2). Because plaintiff and the legal representative of the estate of his deceased brother are both citizens of Texas, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (in order for a federal

court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 6, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The disposition of this case does not preclude plaintiff from suing defendants in Texas state court.